# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY<br>7233 East Butherus Drive<br>Scottsdale, Arizona 85260<br><br>    Plaintiff,<br><br>  v.<br><br>SILVER OAK APARTMENTS, LP<br>1301 East Washington Street, Suite 100<br>Indianapolis, Indiana 46202<br><br>    Please Serve:<br>    CT Corporation<br>    289 South Culver Street<br>    Lawrenceville, Georgia 30046<br><br>TWG DEVELOPMENT, LLC<br>1301 East Washington Street, Suite 100<br>Indianapolis, Indiana 46202<br><br>    Please Serve:<br>    CT Corporation<br>    289 South Culver Street<br>    Lawrenceville, Georgia 30046<br><br>DATRELL PURDIMAN<br>181 Brockett Road, Unit 40H<br>Clarkson, Georgia 30021<br><br>SHAMIR BEST-ROBINSON<br><br>    Please Serve:<br><br>    Shamir Best Robinson<br>    c/o Wesley H. M. Gould<br>    Firouzbakht Law Firm<br>    235 Peachtree Street NE, Suite 400<br>    Atlanta, Georgia 30303<br>    info@firouzbakhtlawfirm.com | Case No:<br><br>Judge<br><br>Magistrate Judge<br><br>**ADMIRAL INSURANCE COMPANY INTERPLEADER COMPLAINT 28 U.S.C. §1335** |

| | |
|---|---|
| ESTATE OF SHAMIR BEST-ROBINSON<br><br>Please Serve:<br><br>Estate of Shamir Best Robinson<br>c/o Wesley H. M. Gould<br>Firouzbakht Law Firm<br>235 Peachtree Street NE, Suite 400<br>Atlanta, Georgia 30303<br>info@firouzbakhtlawfirm.com<br><br>DOE DEFENDANTS 1-10<br><br>    Defendants. | |

## THE INTERPLEADER DISPUTE

1. Admiral Insurance Company ("Admiral") issued an insurance contract CA000047511-01 to Silver Oak Apartments LP ("Silver Oak") as the named insured for a policy period of 12/18/22 – 12/18/23. A true and correct copy of CA000047511-01 is attached as Exhibit 1.

2. Upon information and belief, TWG Development, LLC ("TWG") acts as a real estate manager for Silver Oak as it relates to this dispute and claims insured status under Admiral Policy CA000047511-01 as a result.

3. Collectively, Silver Oak and TWG are referred as the "Insured Defendants."

4. Admiral CA000047511-01 is written with Assault or Battery Event—Limited Coverage (CGL Coverage Form) AD 69 26 03 19, which as more fully outlined below, creates a $25,000.00 "each event" sublimit for assault or battery claims and a $25,000.00 aggregate sublimit for assault or battery claims ("AB Sublimits").

5. Under the terms of Form AD 69 26 03 19, these AB Sublimits are included within and are not in addition to the limits applicable to other types of claims.

6. As a result, all claims potentially covered by the AB Sublimits can erode the policy leaving no limits to pay AB claims or other types of claims, including exhausting the location limits for general liability claims.

7. In addition, Supplementary Payments such as defense costs erode the AB Sublimits so that all amounts spent toward defense reduce the amounts available to pay claims.

8. Consistent with 28 U.S.C. §1335, Admiral seeks to interplead the AB Sublimits of CA000047511-01 because Datrell Purdiman, Shamir Best-Robinson, and/or the Estate of Shamir Best-Robinson claims or may claim the benefits of the remaining AB Sublimits, which exceed $500 exclusive of interest and costs.

9. Defendants Datrell Purdiman, Shamir Best-Robinson, and/or the Estate of Shamir Best-Robinson are referred as the "Individual Defendants."

10. Admiral outlines how each defendant to this case either claims or may claim benefits arising under Admiral Policy CA000047511-01.

11. Once all claimants are brought before the Court as defendants, Admiral will make a Fed. R. Civ. P. 67 motion to deposit the Admiral Policy CA000047511-01 remaining limits, identifying a sum certain as the limits continue to erode through defense of claims.

12. If the Court grants that Rule 67 motion, Admiral will ask the Court to discharge its payment responsibilities and enjoin all defendants from asserting further claims related to payment of defense or indemnity under Admiral Policy CA000047511-01.

13. The Court may allocate the funds paid, including allowing Insureds to continue to use the policy benefits to defend and settle claims as they see fit.

## JURISDICTION AND VENUE

14. Consistent with 28 U.S.C. §1335(a), Admiral brings this lawsuit as a civil action of interpleader under this Court's original jurisdiction.

15. Consistent with 28 U.S.C. §1335(a), Admiral has in its custody or possession a policy of insurance with defense and indemnity benefits in a value or amount in excess of $500.00.

16. Consistent with 28 U.S.C. §1335(a)(1), the defendants are adverse claimants

who have diverse citizenship for purposes of this civil action of interpleader because they are citizens of Georgia and Indiana.

17. Consistent with 28 U.S.C. §1335(a)(1), the Insured Defendants have claimed or may claim to be entitled to the benefits of Admiral insurance contract either through defense which erodes the limits or through the payment of claims which may erode the limits.

18. Consistent with 28 U.S.C. §1335(a)(2), Admiral will make a Fed.R.Civ.P. 67 motion to deposit the remaining limits of the policy, identifying a sum certain as the limits continue to erode through defense of claims.

19. Consistent with 28 U.S.C. §1335(b), Admiral may bring the civil action of interpleader despite that the defendants may not claim an interest in the policy benefits that arises from common origin or which may not be identical, because the interests of the parties are adverse to the same AB Sublimits.

20. Consistent with 28 U.S.C. §1397, venue is proper in this judicial district because at least one of the claimants identified as defendants resides in this district.

21. Specifically, defendant Purdiman resides in this district.

22. Consistent with 28 U.S.C. §90(a)(2) venue is proper in the Atlanta Division because Purdiman resides in Fulton County, Georgia.

23. Consistent with 28 U.S.C. §2361, this Court may issue process over all defendants no matter where they reside, to be served by the United States marshal in the district where each claimant defendant resides.

24. Nationwide service of process is authorized by Fed.R.Civ.P. 4(k)(1)(C).

## THE PARTIES

25. Admiral is a Delaware corporation with its principal place of business in Arizona. For purposes of jurisdiction, Admiral is a citizen of Delaware and Arizona.

26. Admiral is a disinterested stakeholder under 28 U.S.C. §1335 who seeks to pay the limits on the insurance contract to the registry of the Court so the

Court either may allow insureds to continue their defense using the eroding policy limits or pay the claims of the Individual Defendants.

27. Upon information and belief, Silver Oak is an Indiana limited partnership with at least one member who is a citizen of Indiana for purposes of jurisdiction.

28. The State of Georgia identifies the principal place of business of Silver Oak as 1301 East Washington Street, Suite 100, Indianapolis, Indiana 46202.

29. The State of Georgia identifies CT Corporation System as the registered agent for service of process upon Silver Oak whom may be served summons and process at 289 South Culver Street, Lawrenceville, Georgia 30046

30. Silver Oak is a claimant to benefits available under the insurance contract to the extent that Admiral continues to spend amounts to defend it from various claims, thereby reducing the AB Sublimits available under the policy and any location limit for other claims.

31. Upon information and belief, TWG is an Indiana limited liability company with at least one member who is a citizen of Indiana for purposes of jurisdiction.

32. The State of Georgia identifies the principal place of business of TWG as 1301 East Washington Street, Suite 100, Indianapolis, Indiana 46202.

33. The State of Georgia identifies CT Corporation System as the registered agent for service of process upon Silver Oak whom may be served summons and process at 289 South Culver Street, Lawrenceville, Georgia 30046

34. TWG is a claimant to benefits available under the insurance contract to the extent that Admiral continues to spend amounts to defend it from various claims, thereby reducing the AB Sublimits available under the policy and any location limit for other claims.

35. Both Silver Oak and TWG are entities which may be insured under Admiral Policy CA000047511-01 and against whom the Individual Defendants either have asserted claims or may assert claims against them which claims may be covered by Admiral Policy CA000047511-01.

36. The Insured Defendants are or may be claimants to benefits available under

        Admiral Policy CA000047511-01 to the extent that Admiral continues to spend amounts to defend them or may spend amounts to defend them from various claims, thereby reducing the AB Sublimits available under the policy.

37. The Individuals Defendants either have asserted claims or may assert claims against the Insured Defendants who may be covered by Admiral Policy CA000047511-01, making them claimants or potential claimants as possible direct action plaintiffs or judgment creditors.

38. Upon information and belief, Purdiman is a citizen of Georgia who resides in Fulton County, Georgia.

39. Upon information and belief, Best-Robinson was a citizen of Georgia who resided in Fulton County, Georgia before his death and who has an Estate which may be conducted in Georgia.

40. The Individual Defendants are individuals who claim to have been injured by an assault or battery at properties owned or managed by the Insured Defendants.

41. The Individual Defendants may claim to be direct action plaintiffs to the coverage limits available under Admiral Policy CA000047511-01 or may claim a right as judgment creditors to those limits.

42. Doe Defendants are potential claimants for whom Admiral does not know the identity or address information because these Doe Defendants have not made any claim.

### FIRST CAUSE OF ACTION
### (Interpleader )

43. Paragraphs 1 through 42 are incorporated by reference as though fully set forth herein.

44. Admiral Policy CA000047511-01 (Ex. 1) is written with Assault or Battery Event—Limited Coverage (CGL Coverage Form) Form AD 69 28 03 19, which amends any Commercial General Liability Coverage to set a $25,000 limit for any single event that is an "assault or battery event" as defined by that form and $25,000 in the aggregate for all such events ("AB Sublimits").

45. Under Form AD 69 28 03 19, the AB Sublimits are reduced by supplementary payments, such as defense costs, so that any amounts spent toward defense reduce the amount available under the policy to pay or indemnify claims.

46. Under Form AD 69 28 03 19, Admiral's duty to defend and other coverage obligations end when the applicable sub-limit of insurance is used up for the payment of judgments, settlements or Supplementary Payments.

47. Under Form AD 69 28 03 19, an "assault or battery event" is defined to include physical assault or physical battery against an individual by anyone.

48. Under Form AD 69 28 03 19, all claims actually or allegedly arising out of, related to, caused by contributed to by, or in any way connected to assault or battery are excluded from Admiral Policy CA000047511-01, subject only to a Coverage D under the form which extends coverage to AB claims subject to the AB Sublimits and other terms therein.

49. On or about October 11, 2023, Defendant Shamir Best-Robinson was shot and killed.

50. On July 16, 2024, counsel representing Mr. Best-Robinson and/or his Estate wrote to Silver Oak and TWG to assert that they were responsible for the death for a failure to maintain security and that counsel would assert legal claims arising from it.

51. On or about January 24, 2023, Defendant Purdiman claims he was shot while in his apartment.

52. Defendant Purdiman claims that Silver Oak and/or TWG are responsible for the shooting for a failure to maintain security.

53. The Individual Defendants either for themselves or through counsel have made demands or may make demands upon Admiral and/or assert or asserted claims which can exhaust and already exceed the AB Sublimits.

54. Admiral will defend all claims that are covered by its policy, subject to the policy terms, including any self-insured retentions.

55. Defense costs will erode the AB Sublimits of the policy.

56. The law in Georgia where these claims arose can impose a duty upon an insurer to accept a policy limits settlement demand in certain circumstances.

57. Admiral now faces multiple or inconsistent obligations because these claims can or will exhaust or already exceed Admiral AB Sublimits which are included within the general aggregate of the policy.

58. All defendants are potential claimants to the remaining AB Sublimits because Individual Defendants may seek to have these funds pay alleged losses if they obtain a judgment against the Insured Defendants.

59. Likewise the Insured Defendants are claimants to the policy AB Sublimits because they are being defended and will be defended under an AB Sublimits that are eroded by defense costs.

60. Consistent with Fed.R.Civ.P. 67, Admiral seeks an order to deposit the remaining limits with the Court, allowing any insured to be defended with that amount and allowing any judgment obtained to be satisfied with that amount.

61. Consistent with 28 U.S.C. §2361, Admiral seeks an order discharging it from further payment obligations under the policy and enjoining all defendants from proceeding to litigate insurance coverage or bad faith claims against Admiral arising from or related to the Admiral insurance contract.

## **PRAYER FOR RELIEF**

Wherefore, Admiral prays for judgment:

1. The Court issue process for all Defendants pursuant to 28 U.S.C. §2361.

2. The Court issue an Order pursuant to 28 U.S.C. §2361 restraining or enjoining all defendants from initiating or prosecuting any proceeding in a different court than this Court concerning coverage or bad faith claims arising from or related to Admiral Policy CA000047511-01.

3. The Court issue an Order providing for the orderly contest of the issues and controversies presented herein consistent with 28 U.S.C. §1335;

4. The Court issue an Order consistent with 28 U.S.C. §1335 requiring Admiral to deposit the available limits for all claims which may trigger the policy to

be used to satisfy liability to Individual Defendants, payment of Supplementary Payments, or both;

5. The Court issue an Order consistent 28 U.S.C. §1335 releasing and discharging Admiral for any and all liability under or related to Admiral Policy CA000047511-01 as applied to all defendants; and,

6. The Court award such costs, attorney fees, and other relief as allowed by law or in equity.

Respectfully submitted this 23rd day of December, 2024.

**GRAY, RUST, ST. AMAND,**      */s/ Craig R. White*
**MOFFETT & BRIESKE, L.L.P.**      Matthew G. Moffett
Suite 1700-Salesforce Tower Atlanta      Georgia State Bar No.: 515323
950 East Paces Ferry Road      Craig R. White
Atlanta, Georgia 30326      Georgia State Bar No.: 753030
Telephone:   (404) 870-1065      *Attorneys for Plaintiff*
Facsimile:   (404) 870-1030
Email: mmoffett@grsmb.com
cwhite@grsmb.com

0119409.0795518   4916-0880-3593v1