# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE CO., | : | Case No: 1:24-CV-05931 |
| | : | |
| Plaintiff, | : | Judge Mark H. Cohen |
| | : | |
| v. | : | |
| | : | **ADMIRAL MEMORANDUM IN** |
| | : | **SUPPORT OF RULE 67 MOTION** |
| | : | **TO INTERPLEAD AND RULE 59** |
| | : | **MOTION FOR DEFAULT** |
| | : | **JUDGMENT** |
| | : | |
| SILVER OAKS APARTMENTS, | : | |
| ET AL. | : | |
| | : | |
| Defendants. | : | |

For Admiral Insurance Company

Craig R. White
Gray, Rust, St. Amand, Moffett, &
Brieske, LLP
950 E. Paces Ferry Road
1700 Salesforce Tower
Atlanta, Georgia 30326
(404) 870-1030
cwhite@grsmb.com

David W. Walulik  (Pro Hac Vice)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
(513) 651-6877
dwalulik@fbtlaw.com

Dated:     August 12, 2025

# TABLE OF CONTENTS

Page

I.   INTRODUCTION..................................................................... 1

II.  FACTS..................................................................................... 2

   A.  Admiral filed this lawsuit to interplead the remaining
       AB Limit of Admiral Policy CA000047511-01 and
       enjoin future claims........................................................... 2

       1.  Silver Oak and TWG are claimants to the
           CA000047511-01 AB Limit because Admiral is
           defending them and defense costs erode the AB
           Limit ........................................................................... 3

       2.  Purdiman is a claimant to the CA000047511-01
           AB Limit...................................................................... 4

   B.  Silver Oak and TWG have defaulted, and Shamir-Best
       Robinson was dismissed when his attorney closed his
       Georgia office and refused service..................................... 4

   C.  Shamir Best-Robinson is deceased, his estate or next of
       kin are unknown, and his attorney has refused to waive or
       accept service of summons................................................. 5

III. ARGUMENT ......................................................................... 5

   A.  The Court should enter default judgment against Silver
       Oak and TWG ..................................................................... 6

       1.  Silver Oak and TWG are culpable for default, have
           no meritorious defense, and an inability to
           interplead would prejudice Admiral........................... 6

       2.  Default is routinely granted in interpleader actions ................ 8

B.   This case meets all jurisdictional requirements of 28 U.S.C. §1335 and all requirements to support the injunctive remedy of 28 U.S.C. §2361 ................................. 8

1.   The parties meet 28 U.S.C. §1335 diversity and amount in controversy requirements to support original jurisdiction in interpleader ........................... 9

a.   Benefits under Admiral CA000047511-01 exceed $500 ................................................... 10

b.   There is minimal diversity between the Defendants, all of whom are "claimants" under 28 U.S.C. 1335 to the CA000042289-03 AB Limit ................................................. 11

2.   Admiral agrees to pay the remaining AB Limit ........................ 12

3.   Since Silver Oak and TWG have defaulted, it is proper for Admiral to pay Purdiman directly ........................... 13

4.   28 U.S.C. §2361 provides for a discharge injunction from future liability under policy CA000047511-01 for payment of assault or battery claims ................................... 13

IV.   CONCLUSION ........................................................................... 16

# TABLE OF AUTHORITIES

Page

American General Life Ins. Co. v. Brothen, 829 F.Supp. 2d 1369
(N.D. Ga. 2011) ........................................................................... 10-11,14

Graziosi v. MetLife Investors USA Ins. Co., 2013 WL 592394
(M.D. Ga. Feb. 14, 2013) ................................................................. 15

In re Mandalay Shores Co-Op Hous. Ass'n, 21 F.3d 380
(11th Cir. 1994) ............................................................................... 14

Jackson v. Wellington & Assoc. LLC, 389 F.Supp.3d 1199
(N.D. Ga. 2019) ............................................................................... 12

Metlife Life and Annuity Co. of Connecticut v. Akpele,
131 F.Supp.3d 1322 (N.D. Ga. 2015) ............................................ 14,15

Metropolitan Life Ins. Co. v. Jones-Looney, 2012 WL 13018320
(N.D. Ga. Nov. 29, 2012) ................................................................. 8,13

Monumental Life Ins. Co. v. Smith, 2008 WL 11336660
(N.D. Ga. Jan. 4, 2008) ................................................................... 13

National Life Ins. Co. v. Alembik-Eisner, 582 F.Supp.2d 1362
(N.D. Ga. 2008) ............................................................................... 15

Ohio Nat. Life Assur. Corp. v. Langkau, 353 Fed.Appx. 244
(11th Cir. 2009) ............................................................................... 11,12

Pruco Life Ins. Co. v. Bickerstaff, 2023 WL 6447303
(M.D. Ga. Oct. 3, 2023) ................................................................... 12

Savoia-McHugh v. Glass, 95 F.4th 1337 (11th Cir. 2024) ........................... 6

Transamerica Life Ins. Co. v. Sizemore, 2022 WL 154718
(S.D. Ga. Jan. 18, 2022) ................................................................... 12

<u>Warner Bros Records, Inc. v. Crunk, Inc.</u>, 2014 WL 12013427
(N.D. Ga. April 15, 2014) ........................................................... 8

<u>Wells Fargo Bank, N.A. v. Meta Athlete, Inc.</u>, 2024 WL 948005
(N.D. Ga. Jan. 31, 2024)........................................................... 8,13

## I.    **INTRODUCTION**

Admiral Insurance Company ("Admiral") filed this lawsuit under 28 U.S.C. §1335 to interplead the eroding assault or battery sublimit ("AB Limit") of insurance policy CA000047511-01, and then receive a 28 U.S.C. §2361 discharge injunction from future liability on the policy.  See Complaint, Dkt. 1.  The AB Limit in the policy is $25,000.00, which can be eroded by underlying assault or battery claims by both indemnity and defense costs incurred to defend those claims.  Since defense can erode the AB Limit and leave nothing for indemnity, Admiral filed to interplead to avoid multiple or inconsistent obligations on payment of the AB Limit.

Admiral sues an underlying tort plaintiff named Datrell Purdiman ("Purdiman"), who alleges that he was shot at an apartment complex owned or operated by Silver Oak Apartments LP ("Silver Oak") and TWG Development LLC ("TWG"), who are insureds on the Admiral policy.  Purdiman answered (Dkt. 18), but although Silver Oak and TWG were served with summons and the complaint (Dkt. 13-14), neither answered.  On July 15, 2025, Admiral applied to enter default (Dkt. 19) and on July 16, 2025, the clerk entered default on Silver Oak and TWG.

Consistent with Fed.R.Civ.P. 67, Admiral now moves to interplead the remaining balance of the AB Limit, to be distributed by the Court.  Consistent with Fed.R.Civ.P 55(b)(2), Admiral also moves for default judgment against Silver Oak

and TWG. Admiral is disinterested in the payment of its AB Limit, but default judgment would leave only Datrell Purdiman as having answered and appeared, entitled to distribution of the balance of the AB Limit.

In a typical interpleader action, Admiral would deposit the remaining AB Sublimit in the Court registry. The defendant parties then would seek disbursement of the funds under 28 U.S.C. §2042. In light of the defaults, however, Admiral instead seeks an order that will eliminate the need to deposit any funds or Court involvement with the distribution of these funds, and pay Purdiman directly.

Finally, Admiral also seeks a 28 U.S.C. §2361 injunction order from the Court to discharge Admiral from future liability on the insurance contract for assault or battery claims, enjoining other proceedings concerning Admiral coverage obligations. The need for a §2361 discharge and injunction remains justiciable because there may be future claims on the policy.

## II.    FACTS

### A.    Admiral filed this lawsuit to interplead the remaining AB Limit of Admiral Policy CA000047511-01 and enjoin future claims

Admiral issued insurance contract CA000047511-01, which insures Silver Oak and TWG for assault or battery claims. See Complaint, Dkt. 1, ¶1 and Policy Dkt. 1.1. Policy CA000047511-01 is written with Assault or Battery Event—Limited Coverage (CGL Coverage Form) AD 69 26 03 19 ("AB Form"), which first

2

excludes all assault or battery claims from other coverages in the policy and then creates a $25,000.00 sublimit for assault or battery claims ("AB Limit"). <u>See</u> Dkt. 1.1 at Page 54-56. Under the AB Form, supplementary payments such as defense costs erode the AB Sublimit so that all amounts spent toward defense reduce the amounts available to pay claims. <u>See</u> Id., Schedule at Page 54.

### 1. Silver Oak and TWG are claimants to the CA000047511-01 AB Limit because Admiral is defending them and defense costs erode the AB Limit

Defendant Purdiman asserts assault or battery claims against Silver Oak and TWG, alleging they are responsible for injuries he received when he was shot in his apartment, which they own or operate. <u>See</u> Complaint, Dkt. 1, ¶¶51-52 at Page 7. Admiral agreed to defend Silver Oak and TWG. <u>See</u> Id., ¶54 at Page 7. Defense costs erode the AB Limit, meaning that every dollar Admiral spends on defense then reduces the AB Limit available to indemnify claims. <u>See</u> Dkt. 1-1, Schedule at Page 54. Once the AB Limit is completely eroded by defense or settlement/judgments, Admiral does not owe any further obligation under the policy toward assault or battery claims. <u>See</u> Id., Coverage D.1.a.(1) and a.(2) at Page 55-56. As a result, Silver Oak and TWG are claimants to the AB Sublimit to the extent that they have the contractual right to erode that limit through defense of claims.

3

### 2. **Purdiman is a claimant to the CA000047511-01 AB Limit**

Purdiman is a tort plaintiff who has claims against Silver Oak and TWG for assault or battery, claiming he was shot in an apartment owned or managed by them. See Complaint Dkt. 1, ¶51-52 at Page 7. Purdiman has made demands that exceed the AB Limit in the Admiral policy. See Id., ¶53 at Page 7. Purdiman also is a claimant to the AB Limit to the extent he may be indemnified for these claims.

**B.    Silver Oak and TWG have defaulted, and Shamir-Best Robinson was dismissed when his attorney closed his Georgia office and refused service**

Both Silver Oak and TWG were served with summons and complaint on or before March 20, 2025. See Dkt. 13-14. Neither answered. As a result, Admiral moved the clerk for entry of default on July 15, 2025 (Dkt. 19) and the clerk entered default against Silver Oak and TWG. Admiral sent a copy of the Application to Clerk for Entry of Default Against Silver Oak and TWG (Dkt. 19) to Silver Oak and TWG via certified mail at both their headquarters and separately to their agent for service of process in Georgia. See Letter from D. Walulik to Silver Oak dated July 15, 2025; Letter from D. Walulik to TWG dated July 15, 2025 (Ex. 1).

Both Silver Oak and TWG were properly served with summons and the complaint (Dkt. 13-14). Both subsequently were informed by certified mail that Admiral would seek default. Admiral has not received any response.

**C.**    **Shamir Best-Robinson is deceased, his estate or next of kin are unknown, <u>and his attorney has refused to waive or accept service of summons</u>**

When this case initially was filed, Admiral also sued Shamir Best-Robinson and the Estate of Shamir Best-Robinson. <u>See</u> Complaint Dkt. 1. Mr. Best-Robinson is deceased, but an attorney with the Firouzbakht Law Firm wrote a pre-suit letter of representation on his behalf, which led Admiral to join Best-Robinson and his putative Estate as parties. The Firouzbakht Law Firm subsequently appears to have closed its Georgia office and Admiral made four unsuccessful attempts to effect a waiver of summons or personal service of summons upon the firm/attorneys at their home office in Houston, Texas. <u>See</u> Declaration of E. Jimenez dated April 16, 2025 (Ex. 2). To date, Admiral is not aware of the next of kin of Mr. Best-Robinson or whether an Estate has been created. As a result, Admiral dismissed these parties because they are incapable of being served without identity (Dkt. 17).

## III.    <u>ARGUMENT</u>

Under Fed.R.Civ.P. 67, Admiral moves for an order allowing it to interplead the remaining assault or battery sublimit ("AB Limit") of Admiral Policy CA000047511-01. Under Fed.R.Civ.P. 55(b)(2), Admiral also moves for default judgment against Silver Oak and TWG. While Rule 67(a) typically requires an interpleader plaintiff like Admiral to deposit the AB Limit with the Court, Admiral moves for an order to disburse these funds directly to Purdiman, who is the only

party who answered or appeared in this case. Finally, Admiral also asks for an order under 28 U.S.C. §2361 to discharge Admiral from future liability concerning assault or battery claims under the policy and an injunction against claims that Admiral improperly paid the AB Limit.

## A.    The Court should enter default judgment against Silver Oak and TWG

Pursuant to Fed. R. Civ. P. 55(b)(2), Admiral moves for default judgment against Silver Oak and TWG, but not Purdiman. Default judgment is a two-step process requiring Admiral first to apply to the clerk for entry of default under Fed. R. Civ. P. 55(a) and then move the Court for default judgment under Fed. R. Civ. P. 55(b)(2). See Savoia-McHugh v. Glass, 95 F.4th 1337, 1342 (11th Cir. 2024) (quoting rule). Since the clerk has entered default, Fed. R. Civ. P. 55(c) allows Silver Oak and TWG to avoid default judgment only for good cause, considering: (1) culpability for the default; (2) any meritorious defense; and (3) prejudice to Admiral. See Id. ("Courts have considered these three factors").

### 1. Silver Oak and TWG are culpable for default, have no meritorious defense, and an inability to interplead would prejudice Admiral

Silver Oak and TWG are culpable for their default. Both were properly served summons and the complaint on or before March 20, 2025. See Dkt. 13-14. When Admiral applied to the clerk for default (Dkt. 19), Admiral sent a July 15, 2025 certified mail letter to both Silver Oak and TWG informing them of default and

enclosing the filing for entry of default. <u>See</u> Letters from D. Walulik to Silver Oak and TWG dated July 15, 2025 (Ex. 1). These certified mail letters were sent both to the corporate headquarters of each, as well as served separately upon the registered agent for service of process in Georgia for both Silver Oak and TWG. Id.

There are also no meritorious defenses to the interpleader. Purdiman alleges that he was shot, which is an assault or battery within the terms of the Admiral Assault or Battery Event—Limited Coverage (CGL Coverage Form) Form AD 69 26 03 19 (Dkt. 1-1 at Page 54-56). In his answer, Purdiman admits that he was shot and claims that Silver Oak or TWG are responsible for failure to maintain security at the apartment where the shooting occurred. <u>See</u> Admiral Complaint Dkt. 1 at ¶¶51-52; Purdiman Answer Dkt. 18 at ¶¶51-52. These allegations trigger the Admiral AB Limit, which is the only limit applicable.

Finally, there is prejudice to Admiral if it is required to continue to exhaust the policy without the relief afforded by 28 U.S.C. §1335 or 28 U.S.C. §2361. Without the ability to interplead under §1335 and obtain the injunction available against future claims over policy payments under §2361, Admiral can face future litigation concerning alleged improper defense, payment/settlement, or other claims. In light of the fact that either defense or indemnity will exceed the $25,000.00 AB Limit, Admiral seeks to pay the limit and close the policy for future AB claims.

7

### 2. **Default is routinely granted in interpleader actions**

Default judgment against Silver Oak and TWG also is a fairly routine remedy in interpleader cases.  See <u>Wells Fargo Bank, N.A. v. Meta Athlete, Inc.</u>, 2024 WL 948005 *2 (N.D. Ga. Jan. 31, 2024) ("Entering default judgment against a non-answering interpleader defendant is appropriate because a defendant who fails to answer an interpleader complaint forfeits any claim of entitlement to the property that is the subject of the interpleader action"); <u>Warner Bros Records, Inc. v. Crunk, Inc.</u>, 2014 WL 12013427 *1 (N.D. Ga. April 15, 2014) ("a named interpleader defendant who fails to answer forfeits any claim of entitlement that might have been asserted to the res"); <u>Metropolitan Life Ins. Co. v. Jones-Looney</u>, 2012 WL 13018320 (N.D. Ga. Nov. 29, 2012) ("It is clear that if any defendant does not answer or participate in the interpleader action, that party may suffer default").

Since Silver Oak and TWG have shown no interest in these proceedings, their culpable conduct has led to default and the Court should enter default judgment against them.  Admiral then can interplead the balance of the AB Limit, and Purdiman remains the only party seeking a claim to it.

### B.    **This case meets all jurisdictional requirements of 28 U.S.C. §1335 and all requirements to support the injunctive remedy of 28 U.S.C. §2361**

This interpleader lawsuit is governed by two statutes.  First, 28 U.S.C. §1335 provides the basis for this Court's original jurisdiction.  Second, 28 U.S.C. §2361

then provides a remedy for a discharge of Admiral from all future liability under Admiral CA000047511-01 and an injunction against any future claims to the AB Limit of that insurance policy or that the limit improperly was paid.

1. **The parties meet 28 U.S.C. §1335 diversity and amount in controversy requirements to support original jurisdiction in interpleader**

Admiral filed this lawsuit seeking to interplead the remaining AB Limit of Policy CA000047511-01 under 28 U.S.C. §1335, which provides:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

Consistent with 28 U.S.C. §1335, a federal court has original jurisdiction "when three requirements are met: (1) the person, firm, or corporation filing the interpleader action issued a policy of insurance in the amount of $500 or more; (2) there are two or more adverse claimants to that policy with diverse citizenship; and (3) the plaintiff has paid the contested amount into the registry of the court." See American General Life Ins. Co. v. Brothen, 829 F.Supp. 2d 1369, 1371 (N.D. Ga. 2011) (finding all requirements met).

### a. Benefits under Admiral CA000047511-01 exceed $500

The first requirement for federal interpleader jurisdiction is a $500 amount in controversy. See 28 U.S.C. §1335(a). The AB Limit is $25,000.00, meeting the 28 U.S.C. §1335(a) amount in controversy. See Policy, Dkt. 1-1 at Page 54. This amount in controversy exceeds $500. See American General Life Ins. Co., 829 F.Supp. 2d at 1371 (rejecting contention that the $75,000 amount in controversy under 28 U.S.C. §1332 applied to a §1335 action and holding, "Plaintiff issued a policy of insurance in the amount of $350,000.00 and the contested amount is $26,036.12, both of which exceed the $500 threshold").

10

**b. There is minimal diversity between the Defendants, all of whom are "claimants" under 28 U.S.C. 1335 to the CA000042289-03 AB Limit**

The second requirement for federal interpleader jurisdiction is minimal diversity, meaning there are two or more adverse claimants who have diverse citizenship. See 28 U.S.C. §1335(a)(1). Unlike diversity jurisdiction under 28 U.S.C. §1332, which requires complete diversity among all plaintiffs and defendants, the 28 U.S.C. §1335 interpleader statute merely requires minimal diversity between two claimants. As long as any of the claimants are diverse, then there is minimal diversity. See Ohio Nat. Life Assur. Corp. v. Langkau, 353 Fed.Appx. 244, 249 (11th Cir. 2009) (contrasting complete diversity and §1335 minimal diversity); American General Life Ins. Co., 829 F.Supp. 2d at 1371 (finding Georgia and Florida citizenship among two claimants met minimal diversity).

Silver Oak and TWG are Indiana citizens for purposes of diversity and Purdiman is a Georgia citizen. See Complaint, Dkt. 1, ¶¶27-31 at Page 5 and ¶38 at Page 6. Silver Oak and TWG are "claimants" to the AB Limit because defense costs erode the limit, meaning that every dollar spent to defend reduces the amount available to pay claims. See Assault or Battery Event Form AD 69 26 02 19, Schedule, Dkt. 1-1 at Page 54. Admiral is defending them. See Dkt. 1, ¶54. Purdiman is a "claimant" to the AB Limit because he may claim to be indemnified for AB claims from this

11

limit. <u>See</u> Id. at ¶¶37-41. Silver Oak and TWG are adverse to Purdiman because any one of them can seek to exhaust the AB Limit.

### 2. **Admiral agrees to pay the remaining AB Limit**

A typical interpleader lawsuit has two stages, one where the Court determines whether the plaintiff can interplead the stake (in this case the remaining AB Limit) and then a second stage in which the claimants litigate how to allocate that amount. As noted by the 11th Circuit:

> Interpleader actions proceed in two stages. At the first stage, the court determines whether interpleader is proper and whether to discharge stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds.

<u>See</u> <u>Ohio Nat. Life Assur. Corp.</u>, 353 Fed.Appx. at 248 (internal citations omitted); <u>Jackson v. Wellington & Assoc. LLC</u>, 389 F.Supp.3d 1199, 1207 (N.D. Ga. 2019) ("interpleader actions proceed in two (2) stages").

The first stage proceeds under Federal Rule of Civil Procedure 67, with a motion to interplead, which Admiral makes now. <u>See Transamerica Life Ins. Co. v. Sizemore</u>, 2022 WL 154718 *1 (S.D. Ga. Jan. 18, 2022) (approving dismissal after Rule 67 motion); <u>Pruco Life Ins. Co. v. Bickerstaff</u>, 2023 WL 6447303 * (M.D. Ga. Oct. 3, 2023) (approving Rule 67 motion in §1335 interpleader action, then discharging the insurer).

### 3. Since Silver Oak and TWG have defaulted, it is proper for Admiral to pay Purdiman directly

The second stage resolves any disputes between the parties to the interplead funds, which in this case should be resolved by payment to Purdiman as the only party who is not in default. The interpleader statutes allow this type of direct relief. See Wells Fargo Bank, N.A. v. Meta Athlete, Inc., 2024 WL 948005 *2 (N.D. Ga. Jan. 31, 2024) ("In such a scenario, the remaining interpleader defendant is entitled to the property"); Metropolitan Life Ins. Co. v. Jones-Looney, 2012 WL 13018320 *3 (N.D. Ga. Nov. 29, 2012) (proving that a failure to answer will cause the court to "direct disbursement of the interpleaded funds to Defendant Katrina Jones-Looney"); Monumental Life Ins. Co. v. Smith, 2008 WL 11336660 *3 (N.D. Ga. Jan. 4, 2008) ("by virtue of being the sole remaining interpleader defendants who have asserted a claim to the decedent's insurance proceeds are entitled to the funds which have been deposited in the registry of the court").

### 4. 28 U.S.C. §2361 provides for a discharge injunction from future liability under policy CA000047511-01 for payment of assault or battery claims

Upon a proper interpleader of the remaining AB Limit under 28 U.S.C. §1335, the remedy available to Admiral under 28 U.S.C. §2361 is an order discharging Admiral from all future obligations under the policy for past or future payment of

assault or battery claims and an injunction against claims on the policy. Specifically,

28 U.S.C. §2361 provides,

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

See Id. The injunction provided by 28 U.S.C. §2361 is a permanent injunction that

applies to all claims related to payment of the insurance limits. See In re Mandalay

Shores Co-Op Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994) ("A successful

interpleader suit results in the entry of a discharge judgment on behalf of the

stakeholder; once the stakeholder turns the asset over to the registry of the court, all

legal obligations to the asset's claimants are satisfied"); Metlife Life and Annuity Co.

of Connecticut v. Akpele, 131 F.Supp.3d 1322, 1331 (N.D. Ga. 2015) ("Defendants

are permanently enjoined from filing suit against MetLife related to the payment of the

life insurance policy"); American General Life Ins. Co. v. Brothen, 829 F.Supp. 2d

1369, 1371 (N.D. Ga. 2011) ("the court will enter a permanent injunction restraining

defendants from instituting or prosecute any proceeding in any State or United States

court concerning the right to and distribution of the policy proceeds which are the subject of this interpleader action").

A §2361 order and injunction applies to all claims, including bad faith claims for failure to pay policy proceeds. See Metlife Life and Annuity Co. of Connecticut v. Akpele, 131 F.Supp.3d 1322, 1331 (N.D. Ga. 2015) (dismissing Georgia O.C.G.A. 13-6-11 and O.C.G.A. 33-4-6 bad faith claims upon summary judgment and enjoining all future claims for bad faith arising under the policy); National Life Ins. Co. v. Alembik-Eisner, 582 F.Supp.2d 1362, 1371 (N.D. Ga. 2008) (discharging insurer from O.C.G.A. 33-4-6 Georgia law bad faith claim upon proper interpleading of policy proceeds); Graziosi v. MetLife Investors USA Ins. Co., 2013 WL 592394 *4 (M.D. Ga. Feb. 14, 2013) ("Plaintiff's bad faith and breach of contract claims arise directly out of MetLife's refusal to pay the proceeds and are therefore not truly independent of the interpleader action").

The 28 U.S.C. §1335 interpleader statute is specifically designed to allow Admiral to pay this limit without being concerned over collateral litigation creating multiple of inconsistent obligations on the payment. The 28 U.S.C. §2361 injunction remedy is designed to ensure that Admiral does not face more litigation once it pays the entire remaining limit of the AB Limit.

15

IV.    **CONCLUSION**

For the foregoing reasons, the Court should grant Admiral default judgment

against Silver Oak and TWG, grant Admiral leave to interplead, and then discharge

Admiral with an injunction against future proceedings.

                    Respectfully Submitted,

                    *s/ David W. Walulik*

Craig R. White (Ga. 753030)         David W. Walulik  (Pro Hac Vice)
Gray, Rust, St. Amand, Moffett, &   FROST BROWN TODD LLC
Brieske, LLP                    3300 Great American Tower
950 E. Paces Ferry Road         301 East Fourth Street
1700 Salesforce Tower          Cincinnati, Ohio  45202
Atlanta, Georgia 30326         (513) 651-6877
(404) 870-1065               dwalulik@fbtlaw.com
cwhite@grsmb.com

                    Trial Attorneys for
                    Admiral Insurance Company

Dated:      August 12, 2025

16

## <u>CERTIFICATE OF SERVICE</u>

On August 12, 2025, the undersigned certifies this filing was served via the Court's ECF system as well as certified mail U.S. Mail as noted below on the following:

**For Datrell Purdiman**

W. Michael Smith
W. Calvin Smith II, P.C.
3560 Lenox Road, Suite 3020
Atlanta, Georgia 30326
wmsmith@cavinsmithlaw.com

**For TWG Development**

(via certified US Mail)
CT Corporation
c/o TWG Development LLC
289 South Culver Street
Lawrenceville, Georgia 30046

(via certified US Mail)
TWG Development LLC
1301 E. Washington St., Suite 100
Indianapolis, Indiana 46202

**For Silver Oak**

(via certified US Mail)
CT Corporation
c/o Silver Oak Apartments LP
289 South Culver Street
Lawrenceville, Georgia 30046

(via certified US Mail)
Silver Oak Apartments LP
1301 East Washington Street, Suite 100
Indianapolis, Indiana 46202

*s/ David W. Walulik*
David W. Walulik  (Pro Hac Vice)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
(513) 651-6877
dwalulik@fbtlaw.com

0119409.0795518  4905-0172-5790v1